# EXHIBIT A

**BUSINESS CALENDAR**

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

| | |
|---|---|
| SACCUCCI LINCOLN-MERCURY, INC., d/b/a SACCUCCI HONDA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,<br><br>Defendants. | C.A. No. 08 2524 |

**VERIFIED COMPLAINT AND REQUEST FOR**
**PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**

As and for its complaint, Plaintiff Saccucci Lincoln-Mercury, Inc. d/b/a Saccucci Honda ("Saccucci") avers the following:

**PARTIES AND JURISDICTION**

1. Saccucci is a corporation organized and existing pursuant to the laws of Rhode Island, with a principal place of business at 1350 West Main Road, Middletown, Rhode Island. Saccucci is principally engaged in the business of owning and operating a motor vehicle dealership known as "Saccucci Honda."

2. Saccucci falls within the meaning of a "new motor vehicle dealer" under R.I. Gen. Laws § 31-5.1-1.

3. Upon information and belief, American Honda Motor Company, Inc. and American Honda Finance Corporation (collectively, "Honda") are corporations organized

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2008 MAR 27 P 3: 20

and existing pursuant to the laws of California and licensed to do business in the state of Rhode Island. Honda is principally engaged in the business of manufacturing, assembling, importing and/or distributing new motor vehicles and related products.

4. Honda falls within the meaning of a "manufacturer" under R.I. Gen. Laws § 31-5-1-1(8).

5. Jurisdiction is proper in this Court pursuant to R.I. Gen. Laws § 8-2-13 and § 31-5.1-16.

## FACTUAL ALLEGATIONS

6. Saccucci is a duly licensed and authorized Honda dealer pursuant to an Automobile Dealer Sales and Service Agreement ("Dealership Agreement") between Saccucci and Honda.

7. In conjunction with and related to its Honda dealership, Saccucci entered into a Dealer Retail Finance Agreement and a Lease Plan Agreement with Honda on or about May 8, 2002.

8. Pursuant to the Dealership Agreement, Dealer Retail Finance Agreement and Lease Plan Agreement, Saccucci has the right to sell Honda Care and Acura Care vehicle service contracts (collectively, "Honda VSCs").

9. Honda VSCs are transferable, factory-backed protection packages for new and used Hondas and Acuras that provide protections over and above the original factory warranty and include: Roadside Assistance, Concierge Emergency Service, Rental Car Reimbursement, Trip Interruption Coverage, Trip Routing, Comprehensive Component Coverage and a guarantee that "all repairs will be made by factory-trained Honda

technicians at authorized Honda dealerships using only Genuine Honda or American Honda authorized parts."[1]

10. Saccucci's contracts with Honda provide no express terms or restrictions as to the manner in which Saccucci may sell the Honda VSCs.

11. Beginning in approximately the Fall of 2005, Honda urged Saccucci to begin to offer Honda VSCs for sale over the internet in order to increase Saccucci's revenues and profitability.

12. Honda represented that Saccucci had the right to sell Honda VSCs over the internet and that internet sales of VSCs would be a good source of future business for the dealers willing and able to build such a business.

13. In reliance on these representations by Honda, Saccucci made a significant investment of time, money, and other resources to develop an internet sales business through a website Saccucci created at http://www.myhondawarranty.com (the "Website"). The sole and exclusive purpose of the Website is to promote and sell Honda VSCs via the internet.

14. Saccucci employs two full time staff members dedicated to the Website for the purpose of providing customer support for individuals seeking to purchase a Honda VSC. These staff members provide full phone and email support twenty-four hours per day, seven days per week. Additionally, the Website has a video explaining the Honda VSC product to potential purchasers.

15. The Website is successful and has become an integral part of Saccucci Honda's business, accounting for a substantial portion of the dealership's overall profits.

[1] Source: http://www.hondafinancialservices.com/planning/honda.asp (last visited March 26, 2008).

16. Honda recognized the sale of Honda VSCs over the internet as an acceptable practice and encouraged Saccucci and its other dealers to expand this aspect of their businesses.

17. Sometime after Saccucci launched the Website, other dealers began to complain to Honda that they were losing Honda VSC sales to Saccucci and that Saccucci's pricing undermined other dealers' ability to mark-up the cost of Honda VSCs and pad their profits.

18. On February 14, 2008, Honda announced a new policy, effective April 1, 2008, entitled the "Honda Care and Acura Care Vehicle Service Contract Internet Policy & Guidelines" ("Honda's New Policy").

19. Honda's New Policy specifically bans selling Honda VSCs over the internet, and also prohibits the use of certain language in connection with Honda VSCs that is associated with sales of such products. In the glossy, color brochure that Honda produced and sent to dealers to explain Honda's New Policy, Honda included an image of Saccucci's website as an example of "Prohibited Text And Images" that are prohibited by Honda's New Policy (*e.g.* Posting the price of a Honda VSC on the internet; providing a "Buy Now" button or other means for a customer to purchase a Honda VSC via the internet).

20. Implementation of Honda's New Policy will require Saccucci to stop the operation of the Website.

21. The internet sale of Honda VSCs constitutes a significant portion of Saccucci Honda's business, and the loss of the ability to sell Honda VSCs online would result in irreparable harm to Saccucci.

**COUNT I**
**(Violation of R.I. Gen. Laws § 31-5.1-4)**

22. Saccucci repeats and realleges the facts set forth in paragraphs 1 through 21 of this Verified Complaint and incorporates those allegations as though fully set forth herein.

23. By promulgating a new policy prohibiting internet sales of Honda VSCs and threatening to terminate certain contractual rights between Honda and any dealers who engage in internet sales of Honda VSCs after April 1, 2008, Honda is engaging in arbitrary and unconscionable action that causes damage to the dealers – particularly Saccucci – in violation of R.I. Gen. Laws § 31-5.1-4(a).

24. By promulgating a new policy prohibiting internet sales of Honda VSCs and threatening to terminate certain contractual rights between Honda and any dealers who engage in internet sales of Honda VSCs after April 1, 2008, Honda is coercing or attempting to coerce Saccucci into taking action that will prejudice Saccucci in violation of R.I. Gen. Laws § 31-5.1-4(b)(4).

25. By promulgating a new policy prohibiting internet sales of Honda VSCs and threatening to terminate certain contractual rights between Honda and any dealers who engage in internet sales of Honda VSCs after April 1, 2008, Honda is coercing or attempting to coerce Saccucci in connection with the sale of a motor-vehicle-related product in violation of R.I. Gen. Laws § 31-5.1-4(b)(5).

26. By promulgating a new policy prohibiting internet sales of Honda VSCs and threatening to terminate certain contractual rights between any dealers who engage in

internet sales of Honda VSCs, Honda is coercing or attempting to coerce Saccucci into taking action that would prejudice Saccucci in violation of § 31-5.1-4(c)(2).

27. The actions of Honda in implementing a policy prohibiting internet sales of Honda VSCs constitutes a predatory practice against Saccucci in violation of § 31-5.1-4(c)(21).

28. If Honda's New Policy is put into effect, Saccucci will be permanently and irreparably harmed.

**COUNT II**
**(Breach of Implied Duty Of Good Faith And Fair Dealing)**

29. Saccucci repeats and realleges the facts set forth in paragraphs 1 through 28 of this Verified Complaint and incorporates those allegations as though fully set forth herein.

30. A valid and binding contract exists between Honda and Saccucci pursuant to which Saccucci has the right to sell Honda VSCs without limitation with regard to the manner in which Saccucci conducts those sales.

31. Saccucci realizes a financial benefit from selling Honda VSCs over the internet.

32. The policy that Honda intends to implement would preclude Saccucci from continuing to sell Honda VSCs over the internet and, in so doing, deprive Saccucci of the benefit of its contractual bargain with Honda.

**COUNT III**
**(Promissory Estoppel)**

33. Saccucci repeats and realleges the facts set forth in paragraphs 1 through 32 of this Verified Complaint and incorporates those allegations as though fully set forth herein.

34. Honda promised and represented to Saccucci that Saccucci had the right to sell VSCs over the internet and that Saccucci would realize a financial benefit if it invested in the means for pursuing such sales.

35. In reliance on the promises and representations of Honda, Saccucci invested time, effort, money, personnel and other resources in the creation, maintenance and promotion of internet Honda VSC sales.

36. Honda subsequently made additional representations to Saccucci regarding the value to Honda of the internet Honda VSC sales business and encouraged Saccucci to expand and grow its business, which representations Saccucci further relied upon.

37. In the event that Honda's New Policy is implemented, Saccucci will suffer irreparable harm to its business and reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Saccucci respectfully requests that this Court enter judgment:

1. temporarily, preliminarily and permanently enjoining Honda from promulgating and enforcing the "Honda Care® and Acura Care® Vehicle Service Contract Internet Policy & Guidelines," against Saccucci, or taking any action otherwise impeding or infringing upon Saccucci's right sell Honda VSCs over the internet;

2. awarding Saccucci compensatory damages, including a reasonable attorney's fee pursuant to R.I. Gen. Laws § 31-5.1-13(b); and

3. such other and further relief and this Court deems appropriate.

**JURY DEMAND**

Saccucci demands a trial by jury on all issues so triable.

Dated: Providence, Rhode island
March 27, 2008

PLAINTIFFS, SACCUCCI LINCOLN-MERCURY, INC. d/b/a/ SACCUCCI HONDA
By their attorneys,

John Tarantino, #2586
Geoffrey W. Millsom, #6483
Adam M. Ramos, #7591
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607
gmillsom@apslaw.com

**VERIFICATION**

I, Carol E. Saccucci, Vice President of Saccucci Lincoln-Mercury, Inc., hereby certify that I have read the foregoing Complaint and that all of the allegations therein are true and accurate to the best of my knowledge and belief.

Carol E. Saccucci
Vice President of Saccucci Honda

Subscribed and sworn to before me
this 27th day of March, 2008

Notary Public
My Commission Expires: 3/28/08