UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SACCUCCI LINCOLN MERCURY INC.,
d/b/a SACCUCCI HONDA,

Plaintiff,

v.

AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,

Defendants.

C.A. No. 08-121-S

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants American Honda Motor Co., Inc. and American Honda Finance Corporation ("Defendants"), by and through their attorneys, for their Answer to the Complaint filed by Plaintiff Saccucci Lincoln Mercury, Inc., ("Plaintiff") state as follows:

1. Defendants admit that Plaintiff operates a motor vehicle dealership known as Saccucci Honda, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph One of the Complaint.

2. Paragraph Two of the Complaint is a legal conclusion and does not require an answer.

3. Defendants admit that American Honda Motor Co., Inc. and America Honda Finance Corporation are corporations organized pursuant to the laws of California, that they are licensed to do business in the state of Rhode Island to the extent such license is required and that motor vehicles and other products are distributed in Rhode Island and other states through a network of dealers authorized by Defendants and other companies, including American Honda Protection Products Corporation. The remaining allegations of Paragraph Three are denied.

4. Paragraph Four of the Complaint is a legal conclusion and does not require an answer.

5. Paragraph Five of the Complaint is a legal conclusion that does not require an answer, and is moot to the extent it concerns the jurisdiction of the Rhode Island Superior Court. That said, Defendants do not contest the jurisdiction of this Court.

## ANSWER AND AFFIRMATIVE DEFENSES

6. Admitted.

7. Admitted.

8. Denied. Any authorized sales of vehicle service contracts ("VSC's") were conducted pursuant to other agreements not named in the Complaint.

9. Admitted.

10. Denied.

11. Defendants are without knowledge of the specific communications Plaintiff refers to in Paragraph Eleven and therefore neither admit nor deny that Plaintiff may have discussed internet sales with Defendants' employees. However, Defendants deny that they urged Saccucci to begin to offer VSC's for sale over the internet in order to increase revenues and profitability.

12. Defendants are without knowledge of the specific representations Plaintiff refers to in Paragraph Twelve and therefore neither admit nor deny that Plaintiff may have discussed internet sales with Defendants' employees. Defendants admit that they permitted internet sales of VSC's by dealers up until they instituted an internet sales policy, but deny that they represented that dealers had a contractual right to sell VSC's over the internet, or that any contractual relationship between the parties was amended or modified to permit such sales.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Thirteen of the Complaint and therefore neither admits nor denies them.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Fourteen of the Complaint and therefore neither admits nor denies them.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Fifteen of the Complaint and therefore neither admits nor denies them.

16. Defendants admit that as a general matter they encourage dealers to increase sales of Defendants' products, and that such encouragement may have included internet-based sales of VSC's up until Defendants issued a policy regarding such sales. The remaining allegations of Paragraph Sixteen are denied.

17. Defendants admit that dealers have expressed concerns about the impact of internet VSC sales on their own VSC sales and customer relations. The remaining allegations or Paragraph Seventeen are denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied

**COUNT I**

**(R.I. Gen. Laws § 31-5.1-4)**

22. Defendants repeat and incorporate herein their answers to the allegations set forth in paragraphs one through twenty-one.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**COUNT II**

**(Implied Duty of Good Faith and Fair Dealing)**

29. Defendants repeat and incorporate herein their answers to the allegations set forth in paragraphs one through twenty-eight.

30. Denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Thirty-One of the Complaint and therefore neither admits nor denies them.

32. Defendants admit that an explicit purpose of its policy was to preclude internet sales of VSC's. The remaining allegations of Paragraph Thirty-Two are denied.

**COUNT II**

**(Promissory Estoppel)**

33. Defendants repeat and incorporate herein their answers to the allegations set forth in paragraphs one through thirty-two.

34. Defendants are without knowledge of the specific representations Plaintiff refers to in Paragraph Thirty-Four and therefore neither admit nor deny that Plaintiff may have discussed internet sales with Defendants' employees. Defendants admit that they permitted internet sales of VSC's by dealers up until they instituted an internet sales policy, but deny that they represented that dealers had a contractual right to sell VSC's over the internet, or that any contractual relationship between the parties was amended or modified to permit such sales.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph Thirty-Five of the Complaint and therefore neither admits nor denies them.

36. Defendants admit that as a general matter they encourage dealers to increase sales of Defendants' products, and that such encouragement may have included internet-based sales of VSC's up until Defendants issued a policy regarding such sales. The remaining allegations of Paragraph Thirty-Six are denied.

37. Denied.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses, Defendants state as follows:

**FIRST**

1. The Complaint fails to state a claim for which relief can be granted.

**SECOND**

2. This Complaint is barred in whole or part under principles of equity, including laches, waiver and/or estoppel, and unclean hands.

This defense includes but is not limited to the extent to which Plaintiff acquired and continues to use the website "www.myhondawarranty.com," in violation of Defendants' trademark right, Defendants' policies regarding confusing dealer web addresses, Defendants' contractual rights to prohibit such improper use in connection with the sale of VSC's, and Defendants' contractual right to protect its trade name and good will. In this regard, and without limitation, Defendants reserve the right to bring such claims against Plaintiff, including claims pursuant to Section 11 of the "Dealer Enrollment and Participation Agreement" and Sections 15 and 16 of the "Automobile Dealer Sales and Service Agreement."

This defense also includes, but is not limited to, the extent to which Plaintiff relies on alleged oral representations or modifications to the parties' contractual relationship, even though that relationship is governed by a written agreement executed in 2003, the "Automobile Dealer Sales and Service Agreement," which provided that all variations and modifications must be in writing, that binding modifications may not be made by course of dealing, and that the dealer "will not rely on any statements or purported statements" except those made by certain named authorized personnel.

**THIRD**

3. Plaintiff's claims fail to the extent they allege that the parties entered into contracts to perform illegal acts. This defense includes, but is not limited to, the extent to which Plaintiff seeks to utilize Rhode Island General Laws § 31-5.1-4 in order to continue to commit hundreds of annual violations of the regulatory schemes of other states including California and Florida.

Such illegal sales constitute at least approximately 25% of Plaintiff's internet VSC sales, thereby subjecting both Plaintiff and Defendants to potential liability.

**FOURTH**

4. Defendants have not reaped any profits attributable to any alleged contractual breach or statutory violation.

Dated: May 2, 2008

AMERICAN HONDA MOTOR
COMPANY, INC. AND AMERICAN
HONDA FINANCE CORPORATION

By their attorneys,

/s/ Gordon P. Cleary
Gordon P. Cleary (RI No. 1948)
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
401-421-3060
401-272-6803

Of Counsel,
Michael B. Keating (MA. BBO #263360)
David A. Kluft (MA BBO #658970)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
(617)832-7000 (fax)

CERTIFICATE OF SERVICE

To: John A. Tarantino
Geoffrey W. Millsom
Adam M. Ramos
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that I electronically filed this Answer and Affirmative Defenses on May 2, 2008. The Answer and Affirmative Defenses is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary