UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SACCUCCI LINCOLN MERCURY INC., d/b/a SACCUCCI HONDA,

Plaintiff,

v.

AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,

Defendants.

C.A. No. 08-121-S

**DEFENDANTS' STATEMENT OF CLAIMS AND DEFENSES**

Defendants American Honda Motor Co., Inc. and American Honda Finance Corporation ("Defendants"), submit this statement of claims and defenses. This case arises out of Defendants' attempt to institute a nation-wide policy halting Internet sales of Vehicle Service Contracts ("VSCs") in order to, *inter alia,* protect their brand, maintain their dealer network, and put a stop to violations of state law by Plaintiff and others. Plaintiff brought this action to enjoin the new policy, alleging violations of R.I. Gen. Laws § 31-5.1-4 and common law claims.

**Plaintiff's Statutory Claims**

In order to prevail on its claim under R.I. Gen. Laws § 31-5.1-4(a), Plaintiff must show that it was harmed by an "arbitrary, [] bad faith or unconscionable" act. In order to prevail on its claim under R.I. Gen. Laws § 31-5.1-4(c)(21), Plaintiff must show that Defendants engaged in a "predatory practice." To prove its remaining statutory allegations, Plaintiff must show that Defendants "coerced" Plaintiff to enter into an agreement or perform an act prejudicial to it,

under threat of termination of a franchise agreement. R.I. Gen. Laws § R.I. Gen. Laws § 31-5.1-4(b)(4) & (c)(2). Plaintiff must show that Defendants were not merely insisting on compliance with the terms of a pre-existing agreement. Id. Additionally, an act is not "coercion" or other intimidation unless it is wrongful, inequitable, and not a legitimate business judgment. Scuncio Motors, Inc . v. Subaru of New England, Inc., 555 F. Supp. 1121, 1133-1134 (D.R.I. 1982)

Defendants did not violate the statute because, *inter alia,* the policy was a good faith and legitimate business judgment of general application involving no coercion, because Plaintiff does not have the contract right asserted by estoppel or otherwise, because Defendants had the right to institute the policy under pre-existing agreements and because Defendants will not profit from the policy.

**Plaintiff's Common Law Claims**

In order to prevail on its claim of Promissory Estoppel, Plaintiff must show (1) a "clear and unambiguous promise"; (2) "reasonable and justifiable reliance on the promise" and; (3) detriment. Filippi v. Filippi, 818 A. 2d 608, 626 (R.I. 2003). Here, there was no clear and unambiguous promise. Furthermore, reliance on any statement could not be reasonable or justifiable, particularly where Plaintiff agreed that binding modifications to the parties' contractual relationship must be in writing, and promised that it "will not rely on any statements or purported statements" except those made by certain authorized personnel.

To prove that Defendants breached the Implied Covenant of Good Faith and Fair Dealing, Plaintiff must show that Defendants sought to deprive it of the fruits of a contract by arbitrary or unreasonable conduct. Pride Hyundai, Inc. v. Chrysler Financial Co., 263 F. Supp. 2d 374, 394 (D.R.I. 2003). As stated above, there was no contractual right to make Internet VSC sales and Defendants actions were not arbitrary or unreasonable.

**Defendants' Affirmative Defenses**

For the reasons stated above, the principles of equity preclude the relief sought by Plaintiff. The defense of laches requires a showing of unreasonable delay by Plaintiff and prejudice to Defendant. Whiting v. U.S., 231 F. 3d 70, 75 (1st Cir. 2000). Waiver requires a showing of a voluntary relinquishment by Plaintiff of a known right by action or inaction. URI Cogeneration Partners, L.P. v. Board of Governors for Higher Education, 915 F. Supp. 1267, 1285 (D. R.I. 1996). Estoppel requires a showing that conduct by Plaintiff was relied on by Defendant to Defendant's detriment. Heckler v. Community Health Services, 467 U.S. 51, 59 (1984). Unclean Hands requires a showing that Plaintiff acted in bad faith such that equitable relief should be barred. K-Mart Corp. v. Oriental Plaza, Inc., 875 F. 2d 907, 910 (1st Cir. 1989).

Additionally, the defense of illegality requires a showing that the contract alleged by Plaintiff results in an acts or circumstances precluded by law or public policy. Paul Arpin Van Lines, Inc. v. Universal Transp. Services, Inc., 988 F. 2d 288, 290-291 (1st Cir. 1993).

Dated: May 27, 2008

AMERICAN HONDA MOTOR CO., INC.
AND AMERICAN HONDA FINANCE
CORPORATION

By their attorneys,

/s/ Gordon P. Cleary
Gordon P. Cleary (No. 1948)
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
401-421-3060
401-272-6803(fax)

Michael B. Keating (MA. BBO #263360)
David A. Kluft (MA BBO #658970)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
(617)832-7000 (fax)

## CERTIFICATE OF SERVICE

John Tarantino, Esq.
Geoffrey W. Millsom, Esq.
Adam M. Ramos, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza – 8th Floor
Providence, RI 02903-2443

I hereby certify that I electronically filed the within Statement on May 27, 2008. The Statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary