UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SACCUCCI LINCOLN-MERCURY, INC., d/b/a SACCUCCI HONDA<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,<br><br>Defendants. | C.A. No. 08-121-S |

**PLAINTIFF'S LOCAL RULE 16(C) STATEMENT OF CLAIMS**

Plaintiff Saccucci Auto Group Inc., formerly known as Saccucci Lincoln-Mercury, Inc., d/b/a Saccucci Honda ("Saccucci")[1] has asserted claims against Defendants American Honda Motor Company, Inc. and American Honda Finance Corporation d/b/a Honda Financial Services (collectively, "Honda"). Saccucci's Verified Complaint was filed in the Rhode Island Superior Court on March 25, 2008, along with a motion for a temporary restraining order. The Verified Complaint asserts three separate causes of action: (1) violation of chapter 5.1 of title 31 of the Rhode Island General Laws; (2) breach of the duty of good faith and fair dealing; and (3) promissory estoppel. Saccucci's motion for a temporary restraining order was granted by the Superior Court on March 28, 2008. At that time, the court set April 14, 2008 for a preliminary injunction hearing. However, Honda removed the case to this Court on April 3, 2008 on the basis of diversity

[1] On April 28, 2008, after this litigation was initiated, Saccucci Lincoln-Mercury, Inc. changed its name with the Rhode Island Secretary of State's Office to Saccucci Auto Group, Inc.

jurisdiction pursuant to 28 U.S.C. § 1332. As such, the temporary restraining order remains in place.

**FACTS**

Saccucci operates an automobile dealership known as Saccucci Honda, which is located at 1350 West Main Road in Middletown, Rhode Island. Saccucci Honda is a family-owned business that sells new and used Honda vehicles. Saccucci Honda also sells parts for Honda vehicles, services and repairs Honda vehicles, and sells other products that are complementary to Honda vehicle ownership. Among those complementary products is the Honda Care Vehicle Service Contract ("VSC")[2].

VSCs, and similar products, are significant contributors to the financial health of automobile dealers like Saccucci because of the increasingly small profit margins generated by sales of the vehicles themselves. Currently, in the competitive climate of the automobile dealer industry, dealers' profits are increasingly derived from the sale of after-market parts, through the provision of vehicle service and repairs, and through the sale of add-ons such as VSC's. The right to sell such items, and particularly VSCs, is grounded in the contractual agreements between Saccucci and Honda.

Saccucci is at a disadvantage with respect to generating revenue in this hyper-competitive industry. It is located on Aquidneck Island, and thus it draws from a relatively small population for its customers. Consequently, it generates fewer auto sales – particularly when compared to larger markets that may even support multiple

[2] Honda Vehicle Service Contracts ("VSC") are transferable, factory-backed protection packages for new and used Hondas and Acuras that provide protections over and above the original factory warranty and include: Roadside Assistance, Concierge Emergency Service, Rental Car Reimbursement, Trip Interruption Coverage, Trip Routing, Comprehensive Component Coverage and a guarantee that "all repairs will be made by factory-trained Honda technicians at authorized Honda dealerships using only Genuine Honda or American Honda authorized parts."

dealerships per owner. To survive, Saccucci necessarily must pursue alternative means of generating revenue. In an effort to boost revenues, Honda's local dealer representative urged Saccucci to explore the possibility of selling VSCs over the internet.

Saccucci took Honda's suggestion to heart and researched whether it would be feasible and profitable for Saccucci to enter this new line of business. After determining that internet sale of VSCs was a worthwhile endeavor, Saccucci began building this aspect of its business. Saccucci created a website through which it would sell VSCs and dedicated staff to running and supporting the VSC sales website. By all accounts, the website has been successful. In fact, Honda management touted Saccucci's success with internet sales of VSCs in internal e-mails and even expressed the hope that other dealerships would follow Saccucci's model in building an internet VSC sales business.

Notably, larger dealers with multiple sites – ones that did not pursue sales of VSCs over the internet, or were less successful in doing so – complained to Honda about Saccucci's internet sales practices.[3] In response, Honda, on February 14, 2008, announced the "Honda Care and Acura Care Vehicle Service Contract Internet Policy & Guidelines" ("Honda's New Policy"). The effect of that policy – which was to be effective April 1, 2008 – is to ban completely internet sales of VSCs. Saccucci's website is featured prominently as an example of what is prohibited by Honda's New Policy. The impending implementation of Honda's New Policy gives rise to this litigation.[4]

---

[3] Dealers other than Saccucci were offering VSCs for sale over the internet, and, presumably, these complaints encompass those dealers as well.

[4] At present, the implementation of Honda's New Policy is enjoined as to Saccucci pursuant to the temporary restraining order entered by the Providence County Superior Court.

**Count I: Violation of R.I. Gen. Laws § 31-5.1-4**

The actions of Honda in announcing and seeking to implement Honda's New Policy that would ban the internet sale of VSCs and provide penalties up to and including termination of Saccucci's right to sell Honda vehicles violates several subsections of R.I. Gen. Laws § 31-5.1-4, which sets forth prohibited practices as between automobile manufacturers and dealers. Specifically, Honda has engaged in arbitrary and unconscionable behavior that will cause damage to Saccucci in violation of subsection (a); has attempted to coerce Saccucci into taking action that will prejudice Saccucci in violation of subsections (b)(4), (b)(5), and (c)(2); and has engaged in a predatory practice against Saccucci in violation of subsection (c)(21). The statute provides for a civil action seeking injunctive relief and/or damages. R.I. Gen. Laws § 31-5.1-13.

**Count II: Violation of the Duty of Good Faith and Fair Dealing**

By adopting and implementing Honda's New Policy, Defendants are seeking to deprive Saccucci of the benefit of its express contractual right to sell VSCs, which is one of the benefits of Saccucci's contractual bargain with Honda. Honda has an implied duty to "cooperate in the performance of the contract[,]" and to use "good faith, diligence, and best efforts" to bring about performance of the obligations of a contract. *1800 Smith Street Assocs., LP v. Gencarelli*, 888 A.2d 46, 56 (R.I. 2005).

**Count III: Promissory Estoppel**

Honda actively encouraged Saccucci to begin selling VSCs over the internet. Honda applauded Saccucci's success in selling VSCs on its website. In so doing, Honda represented to Saccucci that the practice of selling VSCs via the internet was a permissible and recommended practice for a Honda dealer, such as Saccucci. In reliance

on that representation, Saccucci expended significant time, money and other resources researching, launching and maintaining the internet VSC sales arm of its business. Thus, the implementation and enforcement of Honda's New Policy is barred by the doctrine of promissory estoppel. *See Hagenberg v. Avedisian*, 879 A.2d 436, 440 (R.I. 2005).

PLAINTIFFS, SACCUCCI LINCOLN-MERCURY, INC. d/b/a/ SACCUCCI HONDA
By their attorneys,

/s/ *Geoffrey W. Millsom*

John Tarantino, #2586
Geoffrey W. Millsom, #6483
Adam M. Ramos, #7591
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Rule 16 Statement of Claims through the ECF system on the 27th day of May, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case C.A. No. 08-121-S.

/s/ *Geoffrey W. Millsom*

*455651_1.doc*