UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SACCUCCI LINCOLN MERCURY, INC.,<br>d/b/a SACCUCCI HONDA,<br>Plaintiff | ) | C.A. No. 08-121/S |
| v. | ) | |
| AMERICAN HONDA MOTOR CO., INC. and<br>AMERICAN HONDA FINANCE CORP.<br>d/b/a HONDA FINANCIAL SERVICES,<br>Defendants | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants American Honda Motor Co., Inc. and American Honda Finance Corporation ("Defendants"), by and through their attorneys, for their Answer to the Amended Complaint filed by Plaintiff Saccucci Lincoln Mercury, Inc. ("Plaintiff") state as follows:

1. Defendants admit that Plaintiff operates a motor vehicle dealership known as Saccucci Honda, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 of the Amended Complaint.

2. Paragraph 2 of the Amended Complaint is a legal conclusion and does not require an answer.

3. Defendants admit that American Honda Motor Co., Inc. and America Honda Finance Corporation are corporations organized pursuant to the laws of California, that they are licensed to do business in the state of Rhode Island to the extent such license is required and that motor vehicles and other products are distributed in Rhode Island and other states through a network of dealers authorized by Defendants and other companies, including American Honda Protection Products Corporation. The remaining allegations of paragraph 3 are denied.

4. Paragraph 4 of the Amended Complaint is a legal conclusion and does not require an answer.

5. Paragraph 5 of the Amended Complaint is a legal conclusion that does not require an answer, and is moot to the extent it concerns the jurisdiction of the Rhode Island Superior Court. That said, Defendants do not contest the jurisdiction of this Court.

6. Admitted.

7. Admitted.

8. Denied. Any authorized sales of vehicle service contracts ("VSC's") were conducted pursuant to other agreements not named in the Complaint.

9. Admitted.

10. Denied.

11. Defendants are without knowledge of the specific communications Plaintiff refers to in paragraph 11 and therefore neither admit nor deny that Plaintiff may have discussed internet sales with Defendants' employees. However, Defendants deny that they urged Saccucci to begin to offer VSC's for sale over the internet in order to increase revenues and profitability.

12. Defendants are without knowledge of the specific representations Plaintiff refers to in paragraph 12 and therefore neither admit nor deny that Plaintiff may have discussed internet sales with Defendants' employees. Defendants admit that they permitted internet sales of VSC's by dealers up until they instituted an internet sales policy, but deny that they represented that dealers had a contractual right to sell VSC's over the internet, or that any contractual relationship between the parties was amended or modified to permit such sales.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Amended Complaint and therefore neither admit nor deny them.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint and therefore neither admit nor deny them.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint and therefore neither admit nor deny them.

16. Defendants admit that as a general matter they encourage dealers to increase sales of Defendants' products, and that such encouragement may have included internet-based sales of VSC's up until Defendants issued a policy regarding such sales. The remaining allegations of paragraph 16 are denied.

17. Defendants admit that dealers have expressed concerns about the impact of internet VSC sales on their own VSC sales and customer relations. The remaining allegations of paragraph 17 are denied.

18. Admitted.

19. Admitted.

20. Denied.

21. Denied

**COUNT I**
**(R.I. Gen. Laws § 31-5.1-4)**

22. Defendants repeat and incorporate herein their answers to the allegations set forth in paragraphs 1 through 21.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

**COUNT II**
**(Implied Duty of Good Faith and Fair Dealing)**

29. Defendants repeat and incorporate herein their answers to the allegations set forth in paragraphs 1 through 28.

30. Denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Amended Complaint and therefore neither admit nor deny them.

32. Defendants admit that an explicit purpose of its policy was to preclude internet sales of VSC's. The remaining allegations of paragraph 32 are denied.

**COUNT III**
**(Promissory Estoppel)**

33. Defendants repeat and incorporate herein their answers to the allegations set forth in paragraphs 1 through 32.

34. Defendants are without knowledge of the specific representations Plaintiff refers to in paragraph 34 and therefore neither admit nor deny that Plaintiff may have discussed internet sales with Defendants' employees. Defendants admit that they permitted internet sales of VSC's by dealers up until they instituted an internet sales policy, but deny that they represented that dealers had a contractual right to sell VSC's over the internet, or that any contractual relationship between the parties was amended or modified to permit such sales.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Amended Complaint and therefore neither admit nor deny them.

36. Defendants admit that as a general matter they encourage dealers to increase sales of Defendants' products, and that such encouragement may have included internet-based sales of VSC's up until Defendants issued a policy regarding such sales. The remaining allegations of paragraph 36 are denied.

37. Denied.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

38. The Amended Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

39. This Amended Complaint is barred in whole or part under principles of equity, including laches, waiver and/or estoppel, and unclean hands.

This defense includes but is not limited to the extent to which Plaintiff acquired and continues to use the website "www.myhondawarranty.com" in violation of Defendants' trademark right, Defendants' policies regarding confusing dealer web addresses, Defendants' contractual rights to prohibit such improper use in connection with the sale of VSC's, and Defendants' contractual right to protect its trade name and good will. In this regard, and without limitation, Defendants reserve the right to bring such claims against Plaintiff, including claims pursuant to Section 11 of the "Dealer Enrollment and Participation Agreement" and Sections 15 and 16 of the "Automobile Dealer Sales and Service Agreement."

This defense also includes, but is not limited to, the extent to which Plaintiff has engaged in other wrongful conduct to accomplish internet sales of VSC's.

This defense also includes, but is not limited to, the extent to which Plaintiff relies on alleged oral representations or modifications to the parties' contractual relationship, even though that relationship is governed by a written agreement executed in 2003, the "Automobile Dealer Sales and Service Agreement," which provided that all variations and modifications must be in writing, that binding modifications may not be made by course of dealing, and that the dealer "will not rely on any statements or purported statements" except those made by certain named authorized personnel.

**THIRD AFFIRMATIVE DEFENSE**

40. Plaintiff's claims fail to the extent they allege that the parties entered into contracts to perform illegal acts. This defense includes, but is not limited to, the extent to which Plaintiff seeks to utilize Rhode Island General Laws § 31-5.1-4 in order to continue to commit hundreds of annual violations of the regulatory schemes of other states including California and

Florida. Such illegal sales constitute at least approximately 25% of Plaintiff's internet VSC sales, thereby subjecting both Plaintiff and Defendants to potential liability.

## FOURTH AFFIRMATIVE DEFENSE

41. Defendants have not reaped any profits attributable to any alleged contractual breach or statutory violation.

/s/ Gordon P. Cleary
Gordon P. Cleary, No. 1948
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com

Michael B. Keating, Esq.
David A. Kluft, Esq.
Catherine Wicker, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1000
(617) 832-7000 FAX

Attorneys for Defendants American Honda Motor Company, Inc. and American Honda Finance Corporation d/b/a Honda Financial Services

Dated: July 2, 2008

CERTIFICATE OF SERVICE

To:

John A. Tarantino, Esq.
Geoffrey W. Millsom, Esq.
Adam M. Ramos, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza – 8th Floor
Providence, RI 02903-2443

I hereby certify that I electronically filed the within Answer and Affirmative Defenses on July 2, 2008. The Answer and Affirmative Defenses is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary