UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SACCUCCI LINCOLN-MERCURY, INC., d/b/a SACCUCCI HONDA

Plaintiff,

v.

AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,

Defendants.

C.A. No. 08-121-S

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANTS AMERICAN HONDA MOTOR COMPANY, INC. AND AMERICAN HONDA FINANCE CORPORATION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Stipulated Scheduling Order entered in this case, Plaintiff Saccucci Auto Group, Inc., formerly known as Saccucci Lincoln-Mercury, Inc., d/b/a Saccucci Honda ("Saccucci")[1] hereby requests that Defendants American Honda Motor Company, Inc. and American Honda Finance Corporation d/b/a Honda Financial Services (collectively, "Honda") produce for inspection and copying, in accordance with the following definitions and instructions, the following documents at the offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, Rhode Island 02903 no later than June 23, 2008.

[1] On April 28, 2008, after this litigation was initiated, Saccucci Lincoln-Mercury, Inc. changed its name with the Rhode Island Secretary of State's Office to Saccucci Auto Group, Inc.

## INSTRUCTIONS

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions apply:

A. In responding to these Requests for Production of Documents, furnish all documents and information available to you, including documents and information in the possession of your attorneys, investigators, agents, officers, directors, employees, and all other persons acting or purporting to act on your behalf, and not merely such documents and information known of personal knowledge. Each Request for Production of Documents and each subsection of each Request for Production of Documents is to be fully and separately responded to in accordance with the duties set forth in the Federal Rules of Civil Procedure. As to any Request for Production of Documents for which an exact, complete, and entirely accurate response cannot be made at this time, after having made reasonable efforts to provide the response, documents, and information, so state and (1) give the reason why a further response cannot be made at this time; (2) give as complete and precise a response as is possible; (3) specify the portion of each Request for Production of Documents that cannot be responded to fully and completely; (4) state what efforts were made to obtain the requested documents and information; and (5) state the facts that support the contention that the Request for Production of Documents cannot be responded to fully and completely at this time.

B. If any information or document is withheld on the asserted grounds that it is subject to a claim of privilege, confidentiality, or for any other reason: (1) state the reason for withholding the information or document, identify the privilege or rule upon which the claim is based, and set forth the facts upon which the claim is based in sufficient detail to

permit the formation of a judgment as to the basis and validity of the claim; (2) identify the person(s) who have knowledge about the information or document being withheld; (3) identify, as to any document, the author, date, subject matter, number of pages, and each person who received a copy of the document (identification will not be considered a waiver of any claim of privilege or confidentiality); and (4) identify the present custodian of the document and present location.

C. For each requested document that was at one time, but is no longer in existence, identify the following: (1) the type of document; (2) the information contained therein; (3) the date upon which such document ceased to exist; (4) the circumstances under which it ceased to exist; (5) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (6) the identity of all persons having knowledge of its contents.

D. Whenever a document is removed from a drawer, folder, box, or other container of any kind, annex to the document the title or description of the drawer, folder, box, or other container.

**DEFINITIONS**

For the purposes of these Interrogatories and responses thereto, the following definitions apply:

A. "Communication," unless otherwise modified, means both oral and written communications and includes communication by electronic means, such as e-mail.

B. "Date" means the exact day, month, and year, if ascertainable, or if not, the closest approximation that can be made thereto by means of, if necessary, location in relation to other events.

C. "Document" has the same meaning as used in Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include all writing of any kind whatsoever and in any medium, however recorded or reproduced, including e-mails and other electronically generated and stored documents, originals and non-identical copies, drafts, translations, and other preliminary materials that are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise protected, wherever located.

D. "Honda" means defendants American Honda Motor Company, Inc. and American Honda Finance Corporation d/b/a Honda Financial Services, both individually and collectively, and their parents, subsidiaries and affiliates, all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under the direction or control of American Honda Motor Company, Inc. or American Honda Finance Corporation d/b/a Honda Financial Services.

E. "Honda VSC" means Honda Care and Acura Care vehicle service contracts.

F. "Honda's New Policy" means the Honda Care and Acura Care Vehicle Service Contract Internet Policy & Guidelines, effective April 1, 2008.

G. "Person" means the plural as well as the singular and includes any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office, or any other form of legal entity.

H. "Saccucci" means Plaintiff Saccucci Auto Group, Inc., formerly known as Saccucci Lincoln-Mercury, Inc. d/b/a/ Saccucci Honda.

I. "You" or "your" means defendants American Honda Motor Company, Inc. and American Honda Finance Corporation d/b/a Honda Financial Services, both

individually and collectively, and their parents, subsidiaries and affiliates, all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on their behalf or under the direction or control of American Honda Motor Company, Inc. or American Honda Finance Corporation d/b/a Honda Financial Services.

## DOCUMENTS REQUESTED

1. Please produce all contracts or agreements entered into and executed between Saccucci and Honda, including without limitation, any contracts or agreements relating to or concerning the sale of Honda VSCs. Your response should include, but is not limited to, copies of the Honda Care Honda Dealer Enrollment and Participation Agreement and the Acura Care Acura Dealer Enrollment and Participation Agreement executed by Saccucci.

2. Please produce all versions of and amendments to the Honda Care Honda Dealer Enrollment and Participation Agreement and the Acura Care Acura Dealer Enrollment and Participation Agreement, executed by Saccucci, including but not limited to contemplated amendments and proposed versions and/or amendments, riders, codicils, supplements and/or modifications.

3. Please produce all documents (including e-mails) reflecting, concerning or relating to communications between and among you and any Honda employees, officers, agents, independent contractors, directors, other manufacturers, importers and/or other persons or entities regarding internet sales of VSCs.

4. Please produce all documents (including e-mails) concerning or reflecting correspondence or communications between Honda and any individual dealers, the Honda National Dealers' Advisory Board, the Dealers' Council, Honda customers and/or other persons or entities regarding internet sales of VSCs.

5. Please produce all correspondence or communications (including e-mails) between Honda and any individual Honda dealers, the Honda National Dealers' Advisory Board, the Dealers' Council, Honda customers and/or other persons or entities regarding Honda's New Policy.

6. Please produce all documents reflecting or concerning Honda's decision to adopt and/or implement Honda's New Policy. Your response should include, without limitation, any minutes or notes from any meeting at which Honda's new policy was discussed, internal memoranda discussing Honda's New Policy, and all communications whether written, electronic, or oral regarding the need for, creation, approval, and/or promulgation of Honda's New Policy.

7. Please produce all documents concerning or reflecting any discussions regarding the internet sales of VSCs and/or Honda's New Policy that took place at any meeting of the Honda National Dealer Advisory Board, including, but not limited to, the Honda National Dealer Advisory Board Meeting in Key Biscayne, Florida in January 2008, as well as any such meetings that occurred before or after that meeting.

8. Please produce copies of any documents reflecting or concerning dealer complaints regarding the internet sale of Honda VSCs, including, but not limited to, specific complaints about Saccucci's website, http://www.myhondawarranty.com.

9. Please produce all customer surveys or feedback provided to Honda regarding the internet sale of Honda VSCs.

10. Please produce copies of any documents reflecting requests made to Honda by any person or entity, including, but not limited to Honda employees, dealers, dealers'

associations, and any agents or representatives of such persons or entities asking Honda to adopt a policy banning internet sales of VSCs.

11. Please produce all documents that evidence any request made to Honda by a dealer for advance written permission to reference the Honda Care or Acura Care program in connection with internet advertising and/or sales of Honda VSCs.

12. Please produce all documents that demonstrate that customers are more satisfied with their Honda VSC purchase if it is made at a brick and mortar dealership as opposed to a Honda VSC purchase made over the internet.

13. Please produce all documents demonstrating that, in the absence of Honda's New Policy, VSCs would no longer be promoted vigorously by the vast majority of Honda and/or Acura dealers.

14. Please produce any documents regarding Honda and/or Acura automobile purchasers' preference, or lack of preference for a Honda or Acura Care product as opposed to competing products offered by third parties. Your response should include, but is not limited to, any customer feedback or surveys.

15. Please produce copies of any policies promulgated by Honda relating to the internet sale of new or used Honda automobiles or Honda parts.

16. Please produce all documents reflecting or concerning any communication to Honda from a VSC customer of Saccucci.

17. Please produce all documents demonstrating that Honda's New Policy has been well-received since its promulgation on February 14, 2008.

18. Please produce documents or electronically stored information reflecting the sale of Honda VSCs from November 14, 1995 to the present. Your response should either reflect or include sufficient information to allow Saccucci to determine for each VSC sale:

a. the dealer responsible for the sale;

b. the price of the VSC as paid by the customer;

c. the price of the VSC as paid by the dealer;

d. whether the sale was an internet sale;

e. whether the Dealer earned a Performance-Based Allowance ("PBA") in connection with the sale.

19. Please produce all documents or electronically stored information reflecting the amount of the PBAs paid each quarter by Honda from July 10, 1997 to the present, broken down by dealer or Group Network.

20. Please produce all documents or electronically stored information reflecting the monthly and annual sales records for new Honda and Acura automobiles during the past 5 years. Your response should include, without limitation, all reports describing sales volume, vehicle price, and sales trends.

21. Please produce all documents or electronically stored information reflecting the monthly and annual sales records for pre-owned Honda and Acura automobiles during the past 5 years. Your response should include, without limitation, all reports produced describing sales volume, vehicle price, and sales trends.

22. For any person from whom you intend to elicit an expert opinion and, for expert witnesses whom you intend to call at the preliminary injunction hearing scheduled for July 28-30, 2008, please provide:

a. curriculum vitae; and

b. expert report.

Dated: Providence, Rhode Island
June 9, 2008

SACCUCCI LINCOLN-MERCURY, INC.
d/b/a/ SACCUCCI HONDA
By their attorneys,

John Tarantino, #2586
Geoffrey W. Millsom, #6483
Adam M. Ramos, #7591
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607
gmillsom@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2008, I served a copy of Plaintiff's First Request For The Production Of Documents By Defendants American Honda Motor Company, Inc. and American Honda Finance Corporation upon the following counsel of record by email and First-Class mail, postage prepaid.

Michael B. Keating, Esq.
David Kluft, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusettes 02210-2600

Gordon Cleary, Esq.
Vetter & White
20 Washington Place
Providence, Rhode Island 02903

449878_2.doc