UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SACCUCCI AUTO GROUP, INC., formerly known as SACCUCCI LINCOLN-MERCURY, INC., d/b/a SACCUCCI HONDA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,<br><br>Defendants. | C.A. No. 08-121-S |

**AFFIDAVIT OF DAVID A. KLUFT, ESQ.**

I, David A. Kluft, of Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts, do depose and state the following under oath:

1. I am an attorney at the law firm of Foley Hoag LLP, which represents defendants American Honda Motor Co. Inc. and American Honda Finance Corporation (collectively "Honda") in connection with the above-captioned matter. I submit this affidavit in opposition to Saccucci Auto Group Inc.'s ("Saccucci's") Motion to Compel.

2. On June 30, 2008, my colleague Mike Keating and I participated in a phone conference with Saccucci's counsel in this matter. During this call, Saccucci enumerated several issues regarding Honda's privilege log and Honda's responses to Saccucci's document requests and interrogatories.

3. Later that day, I responded to some of Saccucci's questions by e-mail. Saccucci's counsel responded with a list of the remaining issues. These issues included communications

involving Paul Shortley, and Document Requests #11 and 12. They also included several matters on which the parties ultimately agreed and that are not the subject of this motion. Over the next two weeks, I responded to Saccucci's concerns. Excerpts from the e-mails memorializing this conversation are attached hereto as "**Exhibit A**".

4. Saccucci has raised no discovery issues other than those referred to above.

5. With regard to Saccucci's Document Request #12, during the June 30, 2008 phone call, we explained to Saccucci's counsel that we did not understand the basis for the request, as it appeared to assume to the existence of statement by Honda whose origin we could not determine. Saccucci's counsel explained that this request was their attempt to paraphrase paragraph eight of the Affidavit of a Honda employee named Dan Spafford. Mr. Spafford's affidavit is attached hereto as "**Exhibit B**".

6. We informed Saccucci's counsel that Document Request #12 did not accurately portrayed any statement by Mr. Spafford, and that therefore Honda would retain its objection. We suggested that the request could be reworded so as to quote Spafford's actual statement. I later suggested by e-mail, in **Exhibit A**, that Saccucci could also simply ask Mr. Spafford about the basis for his statement at his upcoming deposition. Saccucci has never offered any compromise solution with regard to this issue.

7. With regard to the e-mail attached to Saccucci's Motion to Compel as Exhibit 5, Honda produced this document in its original production with certain redactions. When we learned that it had already been forwarded to Saccucci by a Honda employee, we withdrew the claim of privilege and produced it in unredacted form.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2008 at Boston, Massachusetts.

David A. Kluft

## CERTIFICATE OF SERVICE

To: Geoff Millsom
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

I hereby certify that I served the foregoing through the ECF system on August 4, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case C.A. No. 08-121-S and by first class mail, postage pre-paid, to non-registered parties.

__/s/ Gordon P. Cleary___