UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SACCUCCI AUTO GROUP, INC., formerly known as SACCUCCI LINCOLN-MERCURY, INC., d/b/a SACCUCCI HONDA<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC. and AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,<br><br>Defendants. | C.A. No. 08-121-S |

**EMERGENCY MOTION TO RECONSIDER**

Saccucci Auto Group, Inc., formerly known as Saccucci Lincoln-Mercury, Inc., d/b/a Saccucci Honda ("Saccucci") moves this Court to reconsider its Text Order entered on August 7, 2008 and denying without prejudice Plaintiff's Motion to Compel for failure to comply with DRI LR Cv 37.

**ARGUMENT**

Saccucci seeks reconsideration on an emergency basis because the case is scheduled for a three-day preliminary injunction hearing beginning on August 25, 2008 and substantive consideration and resolution of the underlying motion is essential to ensure that Plaintiff obtains all the discovery to which it is entitled prior to the hearing. Reconsideration is appropriate for two reasons: 1) the Text Order was entered before the expiration of time in which Saccucci is permitted to submit a reply brief in further

support of its Motion to Compel, and Saccucci sought to address in its reply brief the issues that may have caused the Court to deny the motion without prejudice; and 2) the grounds of the denial, as stated in the Text Order, appear to be unjustified.

Saccucci filed its Motion to Compel on July 15, 2008. Defendants responded on August 4, 2008. Pursuant to Local Rule 7, Saccucci is entitled to file a reply brief within 5 calendar days of Defendants' response. Those 5 calendar days expire on Monday, August 11, 2008. The Text Order was entered 3 calendar days after Defendants' response. As such, it deprived Saccucci of its right under the Local Rules to be heard in further support of its motion.

Perhaps more importantly, the Text Order suggests that the basis of the denial of Saccucci's Motion to Compel is erroneous. The Order states that the denial was based on Saccucci's "failure to comply with DRI LR Cv 37." There is no provision of Local Rule 37, however, that Saccucci appears to have offended; Saccucci restated all the disputed discovery requests and Defendants' objections in its motion and even attached the discovery requests, which is that all Local Rule 37 requires.

It appears as though the Court may have intended to deny the motion without prejudice based on a perceived failure to meet and confer with Defendants regarding the disputed items, because this was an argument advanced by Defendants. Counsel for Saccucci, however, certified in its motion that:

> prior to bringing this motion to compel, I conferred in good faith with the parties failing to make discovery in an unsuccessful effort to secure the information without court action.

*See* Document 29. Accordingly, in the event that a failure to meet and confer was the actual basis of the denial of the motion, the Court necessarily must have either not

noticed Saccucci's Rule 37 certification, or else weighed and resolved a disputed issue of fact (*i.e.* whether or not the parties met and conferred) as presented in the form of a conflicting affidavit and certification of two attorneys admitted to practice before it. Both of these scenarios constitute erroneous bases for denial of Saccucci's motion. This is particularly true in light of the fact that Saccucci has not yet had the opportunity to file a reply brief in which it could deny and rebut Defendants' claims regarding the meet and confer requirement.

## CONCLUSION

For all the foregoing reasons, Saccucci respectfully requests that the Court reconsider its August 7, 2008 Text Order.

Dated: Providence, Rhode Island
August 7, 2008

SACCUCCI AUTO GROUP, INC.
By its attorneys,

*/s/ Geoffrey W. Millsom*
John Tarantino, #2586
Geoffrey W. Millsom, #6483
Adam M. Ramos, #7591
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Emergency Motion to Reconsider through the ECF system on the 7th day of August, 2008, and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for Case C.A. No. 08-121-S and by regular mail, postage pre-paid, to:

Michael B. Keating, Esq.
David A Kluft, Esq.
Catherine Wicker, Esq.
Foley Hoag, LLP
155 Seaport Blvd
Boston, MA 02210.

*/s/ Geoffrey W. Millsom*

461661_1.doc